UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN WALKER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GENERAL MOTORS LLC,<br><br>　　　　Defendant. | Case No. 19-cv-02526-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 10 |

　　　　Plaintiffs Bryan Walker and Cherie Walker dispute the adequacy of GM's amended initial disclosures as to the identification of witnesses and documents.  ECF No. 10.

　　　　As to witnesses, Rule 26 says that the initial disclosures must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," Fed. R. Civ. Proc. 26(a)(1)(A)(i).  In other words, GM has to disclose the witnesses that *GM* may use to support its claims or defenses.  Plaintiffs are probably right that there are other people who possess discoverable information, but if GM isn't planning to use them to support its claims or defenses, it doesn't need to include them in its initial disclosures.  In the letter brief, GM says the three witnesses it disclosed in its amended initial disclosures are the only individuals it plans to use to support its claims or defenses.  There is therefore no basis for the Court to order GM to list more witnesses.  Of course, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Proc. 37(c)(1). Accordingly, if GM later tries to use a witness who was not disclosed in its initial disclosures, the

company may run into problems.

As to documents, Rule 26 requires the initial disclosures to provide "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may be used to support its claims or defenses, unless the use would be solely for impeachment," Fed. R. Civ. Proc. 26(a)(1)(A)(ii). GM's amended initial disclosures list five categories of documents. The first four categories are sufficiently specific. However, GM has failed to state the location of the documents. The Court orders GM to fix this problem within seven days. GM can fix this problem in one of two ways. First, for each category it can identify the locations of these documents. Or, if GM has produced that category of documents to the Plaintiffs, it can identify them by Bates number. For documents that have been produced, providing their Bates number is another way of saying where the documents are (i.e., "you have them").

The fifth category, however, is unacceptably vague. It provides no guidance at all. The Court orders GM to specify by Bates number what documents are included in the fifth category within seven days. Since the fifth category refers to documents produced in litigation, GM does not need to state their location, since the parties have them.

Plaintiffs state that none of GM's categories include policies or procedures for evaluating California consumers' complaints as they relate to the Song-Beverly Consumer Warranty Act. Again, however, initial disclosures are about the documents the disclosing party intends to use to support its claims or defenses, not all documents that may be discoverable. And as noted, if GM tries to use documents that were not in its initial disclosures to support its claims or defenses, it may run into problems down the road under Rule 37.

Accordingly, for the foregoing reasons, Plaintiffs' motion to compel is granted in part and denied in part. Their request for fees is denied.

**IT IS SO ORDERED.**

Dated: May 28, 2020

THOMAS S. HIXSON
United States Magistrate Judge

2